**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-2245

ALPS PROPERTY & CASUALTY INSURANCE COMPANY, f/k/a Attorneys Liability Protection Society, a Risk Retention Group,

Plaintiff – Appellee,

v.

IVAN L. HIGGERSON, SR., Individually and as Co-Executor of the Estate of Edith A. Higgerson; SANDRA H. BUTT, Individually and as Co-Executor of the Estate of Edith A. Higgerson; IVAN L. HIGGERSON, JR.; CHRISTIE L. PAULEY; TARA L. GREIFE; LESLIE O. ERICKSON; ELIZABETH METTS ALLEN, as Trustee of the Ivan Higgerson Revocable Trust Agreement, the Ivan Higgerson Marital Trust, the Ivan Higgerson Family Trust, and the Irrevocable Life Insurance Trust Agreement of Ivan Higgerson,

Defendants – Appellants,

and

PHILIP R. FARTHING, Individually and as Former Trustee of the Ivan Higgerson Revocable Trust Agreement, the Ivan Higgerson Marital Trust, the Ivan Higgerson Family Trust, and the Irrevocable Life Insurance Trust Agreement of Ivan Higgerson; PHILIP R. FARTHING, P.C.,

Defendants.

Appeal from the United States District Court for the Eastern District of Virginia at Norfolk. Mark S. Davis, Chief District Judge. (2:17-cv-00391-MSD-DEM)

Argued: January 28, 2020                    Decided: March 24, 2020

Before FLOYD, HARRIS, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Gregory Slack Larsen, ROY, LARSEN, CARNES & ROMM, P.C., Chesapeake, Virginia, for Appellant. Timothy Stephen Baird, KUTAK ROCK LLP, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case involves a dispute over whether a lawyer's professional liability insurance policy covers his mismanagement of trust assets when acting as a trustee. A state court ruled that attorney Phillip Farthing breached his fiduciary duties as trustee of certain family trusts, awarding damages to the trust beneficiaries for losses caused by Farthing's reckless day- and margin-trading of stock held by the trusts. ALPS Property & Casualty Insurance Company ("ALPS"), which insured Farthing under a professional liability policy, filed suit in federal court seeking a declaratory judgment that its policy does not cover the state-court damage award.

The district court agreed with ALPS, holding that damages for Farthing's breach of fiduciary duty are excluded from coverage under the policy and awarding ALPS reimbursement for the expenses incurred in defending Farthing in state court. For the reasons given by the district court, we affirm.

## I.

Phillip Farthing is a Virginia attorney who was a trustee for several trusts created on behalf of the Higgerson family. In 2014, Edith Higgerson filed suit in Virginia state court, alleging that Farthing had mismanaged trust assets, primarily by engaging in

3

excessive and reckless stock trading, and had collected excessive trustee fees. The complaint raised claims of breach of fiduciary duty, conversion, and unjust enrichment.[1]

After a bench trial, the state court found in favor of the Higgersons on their claim for breach of fiduciary duty. In his capacity as trustee, the court determined, Farthing had violated Virginia's duty of prudent investment through unauthorized and reckless day trading of stocks and trading on margin. J.A. 98 ("The Court therefore determines that the defendant's unauthorized day trading and purchases of stock on margin were reckless, contrary to the prudent investor rule, and constituted breaches of his fiduciary duties[.]") The court awarded the Higgersons $1,382,653 in damages caused to the trusts.[2]

At all relevant times, Farthing was covered by a one-million dollar "Lawyer's Professional Liability Insurance Policy" issued by ALPS. J.A. 55. As a result, ALPS defended Farthing in the state litigation, but it reserved its right to recoup defense costs associated with non-covered claims. And shortly after the state court's ruling, ALPS filed the instant declaratory judgment action in federal court against both Farthing and the Higgersons, contending that the policy did not cover the damages awarded by the state court and that Farthing owed it the costs of his state-court defense.

---

[1] Following Mrs. Higgerson's death in early 2016, an amended complaint was filed by the executors of Mrs. Higgerson's estate; the other beneficiaries of the Higgerson Trusts; and Elizabeth Allen, the new trustee of the Higgerson Trusts.

[2] The state court also awarded the Higgersons $770,471 for Farthing's excessive trustee fees and determined that Farthing owed the Higgersons $101,062 in attorney's fees. The parties now agree that those awards are not covered by the policy, and so we discuss only the contested $1,382,653 in damages suffered by the trusts.

In its summary judgment motion, ALPS cited several policy provisions in support of its claim that Farthing's reckless conduct as a trustee was not covered by his attorney malpractice policy. In particular, ALPS pointed to a policy exclusion referring expressly to trust funds and excluding coverage for the "conversion, misappropriation, improper comingling or negligent supervision . . . of client or trust account funds or property, or funds or property of any other person" controlled by the insured "in any capacity." J.A. 62. In the alternative, ALPS argued, damages for Farthing's breach of fiduciary duty were not covered because they did not qualify as "damages" under the policy, J.A. 58; did not result from the provision of "professional services" as defined by the policy, J.A. 60–61; and fell within a different exclusion, this one for "dishonest" or "intentionally wrongful or harmful act[s]," J.A. 61. Farthing and the Higgersons (the "Higgerson Defendants") opposed ALPS's summary judgment motion, contending that the policy indeed afforded coverage for the state-court damages award, and the Higgersons filed their own cross-motion for summary judgment.

In a thorough and well-reasoned opinion, the district court granted ALPS's motion for summary judgment and denied the Higgersons' cross-motion. *ALPS Prop. & Cas. Ins. Co. v. Farthing*, No. 2:17-cv-391-MSD-DEM, 2018 WL 4927366 (E.D. Va. Sept. 26, 2018). The parties agreed that the law of Virginia – where the policy was delivered to Farthing – governed their dispute. And as the district court explained, under well established Virginia law, "when the terms of a contract are clear and unambiguous, a court must give them their plain meaning." *Id.* at *3 (quoting *Pocahontas Mining Liab. Co. v. Jewell Ridge Coal Corp.*, 556 S.E.2d 769, 771 (Va. 2002)). If a disputed policy term is

5

ambiguous, then Virginia courts will construe the term against the insurer and in favor of coverage. *See id.* But that rule applies, the district court clarified, only in the case of ambiguity; where "a policy exclusion is not ambiguous," then there is no reason to adopt a "liberal construction for the insured." *Id.* (quoting *TravCo Ins. Co. v. Ward*, 736 S.E.2d 321, 325 (Va. 2012)).

Applying those standards, the court concluded that the policy exclusion for the "negligent supervision" of funds or property clearly and unambiguously applied, foreclosing coverage.[3] *Id.* at *6. Under that exclusion, the policy does not apply to any claim arising from or in connection with:

> Any conversion, misappropriation, improper commingling or negligent supervision by any person of client or trust account funds or property, or funds or property of any other person held or controlled by an **Insured** in any capacity or under any authority, including any loss or reduction in value of such funds or property.

J.A. 61–62. By its "clear and express terms," the district court found, that provision "facially applies" to stocks "held or controlled" by Farthing in "any capacity," including his capacity as trustee of the Higgerson family trusts. *ALPS*, 2018 WL 4927366, at *6.

The district court acknowledged, as the Higgerson Defendants argued, that the phrase "negligent supervision" typically connotes "the supervision of other people," not funds or property. *Id.* at *7 n.10. But here, the court held, the context provided by the full

---

[3] Given that holding, the district court declined to rule on ALPS's alternative arguments against coverage. Because we agree with the district court that the "negligent supervision" exclusion bars coverage, we likewise have no need to resolve the parties' arguments regarding other provisions of the policy.

provision – with its express reference to the "negligent supervision . . . of client or trust account funds or property, or funds or property of any other person," J.A. 62 – "leaves no doubt that it excludes claims arising from the negligent supervision *of funds or property* held or controlled by the insured." *ALPS*, 2018 WL 4927366, at *7 n.10. Moreover, the district court reasoned, case law shows that "supervision" is commonly used to describe the management not only of people but also of investments, including stock portfolios. *Id.* at *7 (quoting, *e.g.*, *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 324 (4th Cir. 2001) (noting that "[m]ost funds are externally managed – each fund contracts with an investment adviser to recommend *and supervise* the fund's investments") (emphasis added)). And all of that, the district court concluded, is consistent with the definition of "supervision" in Black's Law Dictionary – "[t]he series of acts involved in managing, directing, or overseeing persons or projects," *Supervision*, Black's Law Dictionary (10th ed. 2014) – on which Virginia courts have relied for the proposition that "supervision" may refer to the management or oversight of things (such as property) as well as people. *See ALPS*, 2018 WL 4927366, at *8 (citing *Hutton v. Commonwealth*, 791 S.E.2d 750, 753 (Va. App. 2016)).

It was equally clear, the district court held, that Farthing's conduct qualified as "negligent" within the meaning of the exclusion. There was no need to consider in this case the "precise contours of the ordinary meaning of the word 'negligence,'" the district court explained, because Farthing's investment activities were "expressly determined to be 'reckless' breaches of his fiduciary duties during the underlying state court lawsuit." *Id.* at *7. An insurer's duty to indemnify is governed by the plain terms of the policy and the

7

"litigated facts" in the underlying state action, *id.* (quoting *CACI Int'1, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 155 (4th Cir. 2009)), and here, the prior finding of recklessness "establishes, as a matter of law, a lack of care that rises to, and exceeds, ordinary negligence," *id.*

Finally, the court rejected the Higgerson Defendants' fallback position: Even if the negligent supervision exclusion unambiguously bars coverage, they argued, the court should not apply that exclusion as written. The policy, the Higgerson Defendants explained, expressly includes "services as . . . trustee" in its definition of covered "Professional Services." J.A. 60. And if the negligent supervision exclusion were applied here, they finished, then that coverage would be rendered illusory.

The district court disagreed. It acknowledged that the negligent supervision exclusion limits the breadth of coverage provided by the policy to attorneys when they act as trustees. *See ALPS*, 2018 WL 4927366, at *9. But that was not surprising, the court explained, in the context of a professional services liability policy for lawyers that principally covers "acts taken by counsel in a traditional attorney-client relationship," not as a trustee. *Id.* at *10. "Accordingly, [the negligent supervision exclusion] plainly does not 'swallow,' or otherwise render meaningless, or even greatly circumscribe, the affirmative coverage for 'Professional Services' typical to the legal profession." *Id.* Nor was it the case, the court concluded, that *all* acts of an attorney acting as a trustee would be excluded under the negligent supervision provision: Acts that have no direct bearing on the value of a trust's assets, like tax advice to beneficiaries about their individual liabilities, would not be covered; and even acts that do reduce a trust's value might fall outside the

8

exclusion if – unlike Farthing's stock trading – they did not directly involve the "supervision" of trust assets. *Id.* at \*10 & n.13.[4]

Accordingly, the district court granted ALPS's motion for summary judgment in relevant part and denied the Higgersons' cross-motion for summary judgment. In its order, entered on September 26, 2018, the district court also recognized that Farthing owed ALPS the costs of his state-court defense, and set a briefing schedule for the parties to address the amount of attorney's fees and costs that ALPS should recover. *See id.* at \*13–14. The district court entered a final order and judgment on December 21, 2018, after Farthing and ALPS entered into a consent order on damages. The Higgersons filed this timely appeal.[5]

---

[4] Because the district court found that the negligent supervision exclusion could be harmonized with the provision of coverage to attorneys acting as trustees, it did not separately rule on the underlying premise of the Higgerson Defendants' argument: that even an unambiguous insurance policy exclusion should not be enforced as written if it "swallows" the coverage provided by a different provision. *Cf. Granite State Ins. Co. v. Bottoms*, 415 S.E.2d 131, 134–35 (Va. 1992) (reading an *ambiguous* policy provision narrowly in order to avoid negating coverage elsewhere provided). We also have no occasion to address that issue here.

[5] The Higgersons filed their notice of appeal on October 19, 2018, following the order granting summary judgment to ALPS but before the entry of final judgment. We are satisfied that we have jurisdiction under the doctrine of cumulative finality. Under that doctrine, we may hear an appeal when – as here – all claims and parties have been dismissed "prior to [our] consideration of the appeal" and the order in question – here, the grant of summary judgment to ALPS – could have been certified for "immediate appeal under Rule 54(b)." *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 479 (4th Cir. 2015).

9

## II.

We review de novo a district court's grant and denial of cross-motions for summary judgment, each motion on its own merits, and we review de novo a district court's interpretation of an insurance contract. *See Cont. Cas. Co. v. Amerisure Ins. Co.*, 886 F.3d 366, 370 (4th Cir. 2018); *Defenders of Wildlife v. N.C. Dep't of Transp.*, 762 F.3d 374, 392 (4th Cir. 2014). On appeal, the parties advance substantially the same arguments they presented to the district court. And for the reasons given by the district court in its opinion, we now affirm the district court's entry of final judgment in favor of ALPS.

We note one argument raised by the Higgersons for the first time on appeal. According to the Higgersons, the negligent supervision exclusion – which covers the negligent supervision of "client or trust account funds or property, or funds or property of any other person" – does not apply because the trust assets in question belonged to Farthing, who held legal title to the assets as trustee, and not to "any other person." Because that argument was not pressed before the district court, it is waived on appeal. *See*, *e.g.*, *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 603 (4th Cir. 2004) ("Absent exceptional circumstances . . . we do not consider issues raised for the first time on appeal[.]"). In any event, that argument – in considerable tension with the Higgersons' state-court claim that Farthing recklessly day-traded away "funds rightfully belonging to the [trusts] or the beneficiaries," J.A. 79 – is without merit. Taken as a whole, it is clear that the negligent supervision exclusion, with its express reference to "trust account funds or property," J.A. 62, is intended to cover the supervision of trust assets. That Farthing held legal title to those assets, while the trust beneficiaries remained "the equitable

10

owner[s]," *Jimenez v. Corr*, 764 S.E.2d 115, 122 (Va. 2014) (citation omitted), does not bring him outside the clear terms of the provision.

Accordingly, we affirm the district court's grant of final judgment in favor of ALPS.

*AFFIRMED*